## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY REED and DARNELL MCCOY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 2:24-cv-10804 |
| | ) | Hon. Jonathan J.C. Grey |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| GENERAL MOTORS LLC and ONSTAR, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) | |
| SUZANNE BLOCK and CHARLES JUSTUS, III, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 2:24-cv-10824 |
| | ) | Hon. Jonathan J.C. Grey |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| GENERAL MOTORS LLC, ONSTAR LLC, and LEXISNEXIS RISK SOLUTIONS INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## JOINT MOTION FOR CONSOLIDATION

Plaintiffs Larry Freed, Darnell McCoy, Suzanne Block, and Charles Justus, III (collectively, "Plaintiffs") respectfully move pursuant to Fed. R. Civ. P. 42 and L.R. 42.1 for consolidation of the above-captioned Eastern District of Michigan actions. In support thereof, Plaintiffs state the following:

1.    These actions each relate to the recent disclosure that Defendants General Motors LLC ("GM") and its subsidiary OnStar, LLC ("OnStar") surreptitiously and without consent collected, stored, and transmitted to third parties, including Defendant LexisNexis Risk Solutions Inc. ("LexisNexis"), the driver behavior data of Plaintiffs and millions of other owners and lessees of GM-manufactured vehicles (the "Class").

2.    Plaintiffs Reed and McCoy allege common law invasion of privacy, California constitutional invasion of privacy, and deceptive and unfair practices under the California Unfair Competition Law ("UCL"), Cal Bus. & Prof. Law §17200, *et seq.*, and the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws Ann. §445.903, *et seq. See Reed*, ECF No. 1, PageID.22-29.

3.    Plaintiffs Block and Justus violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681e(b), the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. §2510, *et seq.*, common law unjust enrichment and invasion of privacy, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201, *et seq. See Block*, ECF No. 1, PageID.18-28.

4.     These two pending class actions involve common issues of law and fact and, therefore, should be consolidated pursuant Fed. R. Civ. P. 42(a) and L.R. 42.1.[1]

WHEREFORE, based upon the foregoing and the accompanying Memorandum in Support of this Motion, Plaintiffs respectfully request that the Court grant this Motion to Consolidate, and grant such other and further relief as the Court deems just and proper.

Date: April 4, 2024                                   Respectfully submitted,

                                                      **THE MILLER LAW FIRM, P.C.**

                                                      */s/ E. Powell Miller*
                                                      E. Powell Miller (P39487)
                                                      Emily E. Hughes (P68724)
                                                      Dennis A. Lienhardt (P81118)
                                                      950 W. University Drive, Suite 300
                                                      Rochester, MI 48307
                                                      Tel: (248) 841-2200
                                                      epm@millerlawpc.com
                                                      eeh@millerlawpc.com
                                                      dal@millerlawpc.com

                                                      Melvin Butch Hollowell (P37834)
                                                      Angela L. Baldwin (P81565)
                                                      211 W. Fort St., Suite 705
                                                      Detroit, MI 48226
                                                      Tel: (248) 841-2200
                                                      mbh@millerlawpc.com
                                                      alb@millerlawpc.com

---

[1]   To date, no defense counsel has appeared and thus Plaintiffs are unable to determine Defendants' positions as to appointment of Interim Class Counsel. Plaintiffs will serve this Motion and accompanying exhibits upon Defendants' registered agent.

*Counsel for All Plaintiffs*

Sabita J. Soneji
Hassan Zavareei
Cort Carlson
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com
hzavareei@tzlegal.com
ccarlson@tzlegal.com

Jeff Ostrow
Steven Sukert
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com
sukert@kolawyers.com

Gary Klinger
**MILBERG COLEMAN BRYSON**
  **PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Frank Hedin
**HEDIN LLP**
1395 Brickell Ave., Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinllp.com

*Counsel for Plaintiffs Larry Reed and*
*Darnell McCoy*

- 3 -

Stuart A. Davidson
Alexander C. Cohen
Facundo M. Scialpi
**ROBBINS GELLER RUDMAN**
**  & DOWN LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Tel: (561) 750-3000
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com
fscialpi@rgrdlaw.com

Marc A. Wites
**WITES & ROGERS, P.A.**
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  561/ 944-3437
mwites@witeslaw.com

*Counsel for Plaintiffs Suzanne Block*
*and Charles Justus, III*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LARRY REED and DARNELL MCCOY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 2:24-cv-10804 |
| | ) | Hon. Jonathan J.C. Grey |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GENERAL MOTORS LLC and ONSTAR, LLC, | ) ) ) | |
| Defendants. | ) ) | |
| ——————————— | ) ) | |
| SUZANNE BLOCK and CHARLES JUSTUS, III, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 2:24-cv-10824 |
| | ) | Hon. Jonathan J.C. Grey |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GENERAL MOTORS LLC, ONSTAR LLC, and LEXISNEXIS RISK SOLUTIONS INC., | ) ) ) | |
| Defendants. | ) ) | |
| ——————————— | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION FOR CONSOLIDATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT OF ISSUES PRESENTED ...............................................................iv

I. INTRODUCTION ...........................................................................1

II. ARGUMENT ...............................................................................2

    A. The Court Should Conserve Judicial and Class Resources and Consolidate the Pending Class Actions for Trial ..................................2

        1. The Standard for Consolidation ..............................................2

        2. The Standards for Consolidation are Easily Satisfied Here .....4

III. CONCLUSION ..............................................................................6

i

# TABLE OF AUTHORITIES

## CASES

*Am. Bridge Mfg. Co. v. Water Toebe Const. Co.*,
  2010 WL 3245292 (E.D. Mich. Aug. 17, 2010)...................................................3
*Arnold v. Paul Brown Stadium Ltd.*,
  2022 WL 17968636 (S.D. Ohio Dec. 27, 2022)...................................................4
*Cantrell v. GAF Corp.*,
  999 F.2d 1007 (6th Cir. 1993) .................................................................................3
*Central States, SE. & SW. Area Pension Fund v. Smeltzer Enters., Inc.*,
  2009 WL 3672120 (E.D. Mich. Oct. 30, 2009)...................................................3
*Franchi v. SmileDirectClub, Inc.*,
  2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020) ...................................................5
*In re Delphi ERISA Litig.*,
  230 F.R.D. 496 (E.D. Mich. 2005) .........................................................................3
*In re Dow Corning Corp.*,
  211 B.R. 545 (Bankr. E.D. Mich. 1997)...............................................................5
*Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*,
  337 F.R.D. 405 (S.D. Ohio 2021).........................................................................5
*Young v. Hamric*,
  2008 WL 2338606 (E.D. Mich. June 4, 2008) ...................................................3

## RULES

Fed. R. Civ. P. 42(a)......................................................................................... 2, 4, 5

## TREATISES

9 Charles Alan Wright & Arthur R. Miller, Fed. Practice and
  Procedure §2385 (2d ed. 1987)...........................................................................2

## STATEMENT OF ISSUES PRESENTED

1.  Should the court consolidate the above-captioned putative class actions under Rule 42(a) of the Federal Rules of Civil Procedure and L.R. 42.1?

    **Plaintiffs' answer: Yes.**

Plaintiffs Larry Freed, Darnell McCoy, Suzanne Block, and Charles Justus, III (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their Joint Motion for Consolidation.

## I.    INTRODUCTION

These actions each relate to the recent disclosure that Defendants General Motors LLC ("GM") and its subsidiary OnStar, LLC ("OnStar") surreptitiously and without consent collected, stored, and transmitted to third parties, including Defendant LexisNexis Risk Solutions Inc. ("LexisNexis"), the driver behavior data of Plaintiffs and millions of other owners and lessees of GM-manufactured vehicles (the "Class").

There is no doubt that consolidation under Rule 42(a) is warranted. The actions share common questions of both law and fact necessary for consolidation. Each action alleges the same core substantive misconduct by Defendants, whether the alleged unlawful collection, storage, and transmittal to third parties of driver behavior data (Defendants GM and OnStar), or the alleged unlawful transmittal or sale of that data to automobile insurance companies (Defendant LexisNexis). Moreover, while only the *Block* action alleges violations of federal statutory law – the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681e(b), and the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. §2510, *et seq.* – each action alleges common law invasion of privacy, and seeks to represent the same nationwide class. *Compare*

- 1 -

*Reed*, ECF No. 1, PageID.19, *with Block*, ECF No. 1, PageID.14. Because consolidation will avoid duplicative discovery, motion practice, and inconsistent rulings on identical legal issues, and will increase efficiency and manageability of the cases, these actions should be consolidated for trial under Rule 42(a)(1).

## II.   ARGUMENT

### A.   The Court Should Conserve Judicial and Class Resources and Consolidate the Pending Class Actions for Trial

#### 1.   The Standard for Consolidation

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Courts are afforded broad discretion under this rule to consolidate pending cases. 9 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure §2385 (2d ed. 1987). The Sixth Circuit has advised courts to consider the following when determining whether to consolidate pending cases:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).[2] In addition, "[c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id.*

Geared toward increasing the efficient allocation of judicial resources, consolidation is proper especially when multiple proceedings "would be largely duplicative." *See Central States, SE. & SW. Area Pension Fund v. Smeltzer Enters., Inc.*, 2009 WL 3672120, at *1 (E.D. Mich. Oct. 30, 2009). Even where "each of the separate cases may involve factual and legal issues which are separate and distinct from those presented in the others," consolidation may still allow for a more orderly and efficient proceeding, and avoid the risks of inconsistent rulings, where the primary subject matter of the lawsuits is the same. *Young v. Hamric*, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008). Courts frequently consolidate cases like this one, in which consolidation will increase the efficiency and manageability of the cases, and the plaintiffs support consolidation. *See, e.g.*, *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *Am. Bridge Mfg. Co. v. Water Toebe Const. Co.*, 2010 WL 3245292, at *1 (E.D. Mich. Aug. 17, 2010).

---

[2]   Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

### 2.      The Standards for Consolidation are Easily Satisfied Here

All factors weigh in favor of consolidation. The pending class actions involve substantially overlapping defendants, class definitions, factual allegations, and causes of action, all of which relate to the same collection, storage, transmittal, and sale of Plaintiffs' and Class members' driver behavior data without consent. Discovery in each of these related matters will focus on the roles of each Defendant in such conduct.

Indeed, allowing these two largely overlapping pending actions to proceed unconsolidated would lead precisely to the inefficiencies that Rule 42(a) was designed to avert – duplicative motions, chaotic discovery, and a severe risk of inconsistent rulings. Given that these cases are at their infancy, there is no risk of prejudice, but instead a very real risk of overlapping motion practice, disordered discovery, and inconsistent rulings. *See Arnold v. Paul Brown Stadium Ltd.*, 2022 WL 17968636, at *2 (S.D. Ohio Dec. 27, 2022) (consolidating cases and noting, "[i]t is apparent from the overlap of factual allegations and claims made in both complaints that consolidating the two actions will avoid duplication of time and expense and serve the interest of judicial economy.").

Class actions like these are particularly well-suited for consolidation because consolidation avoids the need for fragmented pretrial proceedings and minimizes the expenditure of time and money – issues that are uniquely relevant in complex class

actions such as these. *See, e.g.*, *In re Dow Corning Corp.*, 211 B.R. 545, 574 (Bankr. E.D. Mich. 1997); *see also Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 407-08 (S.D. Ohio 2021) (consolidating class actions concerning insurance coverage for COVID-19 pandemic business losses where "the Related Actions clearly share common questions of law and fact[;] [t]he actions have overlapping core facts, putative classes, and claims for relief[;] are all at the pre-discovery stage[;] anticipate similar discovery[;] [a]nd they are against the same [defendant]. In light of these similarities, there is no doubt the Related Actions hinge on issues they have in common."); *Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020) (consolidating securities class actions where "all of the cases: (1) allege violations of federal securities laws; (2) name many of the same defendants; (3) are based on the same allegedly wrongful conduct . . .; and (4) seek verification of highly-overlapping, if not identical, investor classes."). Consolidating these class actions now will also allow Plaintiffs to submit a single, consolidated class complaint which Defendants can then answer or attempt to dismiss at one time.

Consolidation for pretrial purposes is consistent with Rule 42(a) and will promote conservation of the parties' resources, judicial economy, and the efficient and expeditious prosecution of this litigation. Accordingly, Plaintiffs respectfully submit that the Court should grant the motion for consolidation.

## III.   CONCLUSION

For the reasons detailed herein, Plaintiffs respectfully ask that the Court consolidate the two above-captioned cases.

Date: April 4, 2024

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
Dennis A. Lienhardt (P81118)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com
dal@millerlawpc.com

Melvin Butch Hollowell (P37834)
Angela L. Baldwin (P81565)
211 W. Fort St., Suite 705
Detroit, MI 48226
Tel: (248) 841-2200
mbh@millerlawpc.com
alb@millerlawpc.com

*Counsel for All Plaintiffs*

Sabita J. Soneji
Hassan Zavareei
Cort Carlson
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808
Hzavareei@tzlegal.com
ssoneji@tzlegal.com

- 6 -

ccarlson@tzlegal.com

Jeff Ostrow
Steven Sukert
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com
sukert@kolawyers.com

Gary Klinger
**MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Frank Hedin
**HEDIN LLP**
1395 Brickell Ave., Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinllp.com

*Counsel for Plaintiffs Larry Reed and
Darnell McCoy*

Stuart A. Davidson
Alexander C. Cohen
Facundo M. Scialpi
**ROBBINS GELLER RUDMAN
  & DOWN LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Tel: (561) 750-3000
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com
fscialpi@rgrdlaw.com

Marc A. Wites
**WITES & ROGERS, P.A.**
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  561/ 944-3437
mwites@witeslaw.com

*Counsel for Plaintiffs Suzanne Block
and Charles Justus, III*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 4, 2024, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

<div style="margin-left: 40%;">

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com

</div>