# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Larry Reed and Darnell McCoy, Sr., *on behalf of themselves and all individuals similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>General Motors LLC and OnStar, LLC,<br><br>Defendants. | Case No. 2:24-cv-10804<br><br>Honorable Judge Jonathan J.C. Grey<br><br>Magistrate Judge Curtis Ivy, Jr. |

## STIPULATED ORDER TO STAY PENDING JPML RULING

Defendants General Motors LLC ("GM"), OnStar, LLC ("OnStar"), and LexisNexis Risk Solutions Inc. ("LexisNexis"), and Plaintiffs Larry Reed and Darnell McCoy, Sr. ("Plaintiffs" and, collectively, the "Parties") respectfully stipulate and ask this Court to stay all proceedings and deadlines in this action (other than Plaintiffs' Joint Motion for Consolidation, ECF No. 8) pending resolution of the motion for transfer and centralization under 28 U.S.C. § 1407 that is currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). Good cause exists to grant the stay. In support of this request, the Parties state as follows:

1. Plaintiffs served their Complaint on all Defendants on April 4, 2024. Accordingly, Defendants' current deadline to respond to the Complaint is April 25, 2024.

2. This case is one of ten (10) putative class actions filed in six (6) separate federal jurisdictions in connection with Defendants' alleged collection and publication of certain driving data.

3. Shortly before and after Plaintiffs served their Complaint, six (6) substantively similar actions were filed in: (1) the Southern District of Florida, *Chicco v. General Motors LLC, et al.*, Case No. 9:24-cv-80281 (S.D. Fla. March 13, 2024); (2) the Southern District of New York, *Landman v. General Motors LLC, et al.*, Case No. 1:24-cv-02238 (S.D.N.Y. March 25, 2024); (3) the Middle District of Pennsylvania, *Dinardo v. General Motors LLC et al.*, Case No. 3:24-cv-00524-JKM; (4) the Eastern District of Michigan, *Block v. General Motors LLC, et al.*, Case No. 2:24-cv-10824-SJM-APP (E.D. Mich. March 31, 2024); and (5) the Central District of California, *King v. General Motors LLC, et al.*, Case No. 2:24-cv-02560 (C.D. Cal. March 28, 2024); *Thongsawang v. General Motors LLC, et al.*, Case No. 8:24-cv-00695 (C.D. Cal. March 29, 2024) (collectively, the "Pending Actions").

4. On April 5, 2024, Central District of California plaintiff Thongsawang filed a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 with the JPML, *see IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL

No. 3115, Dkt. 1 (U.S. Jud. Pan. Mult. Lit. April 5, 2024), which was accepted for filing on April 9, 2024, *see id*. Dkt. 3 (U.S. Jud. Pan. Mult. Lit. April 9, 2024).[1]

5. The JPML promptly set the motion for the JPML's upcoming May 30, 2024 hearing session, and ordered the parties to Respond and Reply by April 26, 2024 and May 3, 2024, respectively. *See id*. Dkt. 4 (U.S. Jud. Pan. Mult. Lit. April 9, 2024).

6. A ruling on the Motion for Transfer and Centralization is expected shortly after the May 30 hearing.

7. On April 11, 2024, Defendants conferred with Plaintiffs in this action and Plaintiffs agreed to a stay pending resolution of the Motion for Transfer and Centralization by the JPML.[2]

8. As of this filing, plaintiffs in all of the related Pending Actions for which service has been effectuated (4 of 10 other cases) have also consented to stay

---

[1] Shortly after plaintiff Thongsawang filed the Motion for Transfer and Centralization, an eighth putative class action was filed in the Central District of California, *see Valencia v. General Motors LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal. April 12, 2024), a ninth was filed in the Northern District of Georgia, *see Mason v. General Motors, LLC, et al.*, Case No. 1:24-cv-01558-TWT (N.D. Ga. April 12, 2024), and a tenth was filed in the this district, *see Carnine v. General Motors LLC, et al.*, Case No. 2:24-cv-11004-SDK-CI (E.D. Mich. April 16, 2024). Defendants have not yet been served, and no responsive pleadings have been filed in those actions. While *Valencia*, *Mason*, and *Carnine* were not included in the Motion for Transfer and Centralization, Defendants expect that, to the extent the JPML agrees the cases should be consolidated, the cases will be transferred and centralized along with the remaining cases.

[2] As a condition of that agreement, Defendants have agreed that they will not engage in class settlement discussions with Plaintiffs in any of the other pending cases during the stay.

3

their respective cases.[3] Defendants intend to seek consent to stay those cases from the remaining plaintiffs once Defendants have been served in those actions.

9. This Court has wide discretion to stay proceedings in cases before it. As the Supreme Court observed long ago, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

10. This Court has concluded that "[i]t would be inefficient for the Court to decide" substantive motions while motions to transfer remain pending before the JPML. *See, e.g.*, *Marathon Petroleum Co. v. 3M Co.*, No.22-10117, 2022 WL 821667, at *2-3 (E.D. Mich. Mar. 17, 2022) (granting motion to stay "all proceedings in this action until after the JPML has determined whether this action will be transferred to multidistrict litigation").

11. Accordingly, under these circumstances, "[c]ourts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL." *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015); *see also Paintsville*

---

[3] Plaintiff Thongsawang's counsel said she would agree to stay that case if Defendants obtained the approval of plaintiffs' counsel to stay the other cases in which Defendants have been served. Defendants secured the approval of other counsel and have advised counsel for Thongswang of that fact.

*Hosp. Co., LLC v. Amneal Pharms., LLC*, No. 7:20-cv-00102-GFVT, 2020 WL 7048275, at *5 (E.D. Ky. Dec. 1, 2020) (staying case pending JPML transfer ruling); *Noble County v. Cardinal Health*, No. 2:18-cv-1379, 2019 WL 311807, at *2 (S.D. Ohio Jan. 24, 2019) (same); *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML.").

12. Courts typically consider three factors when assessing a motion to stay pending a JPML decision: "(1) judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Noble County*, 2019 WL 311807, at *1. Each of those factors supports a stay in this case.

13. *First*, judicial resources will be saved and duplicative litigation avoided if the case is consolidated in an MDL. The Pending Actions are premised on the same core factual allegations. They raise many overlapping factual and legal questions, including threshold issues such as whether plaintiffs' claims against the Defendants should be compelled to arbitration.[4] As such, interests of judicial efficiency and consistency favor having those issues addressed by a single judge in a centralized, rather than a piecemeal, fashion. *See, e.g.*, *Marathon Petroleum Co.*, 2022 WL 821667, at *3.

14. *Second*, there is no "party opposing the stay," as Plaintiffs have stipulated to a stay. *See Anderson v. Fortra LLC*, No. 23-CV-533 (SRN/DTS), 2024 WL 195648, at *3 (D. Minn. Jan. 18, 2024) (granting stay and noting the plaintiffs "do not argue that a stay in this matter would cause them significant further harm"). In any event, Plaintiffs will not be prejudiced by a modest stay as this case is in its infancy and no responsive pleadings have been filed. *See, e.g.*, *Integra Rec LLC*, 2015 WL 222312, at *5 (finding the plaintiff "can claim little prejudice" where the case "only just commenced" and "[n]o answers have been filed, no discovery has begun, and no trial date has been set"). This factor necessarily weights in favor of granting the stay.

---

[4] Defendants expressly reserve their arbitration defenses and right to move to compel arbitration, whether in this action or in any consolidated action ordered by the JPML.

15. *Third*, Defendants (and likely all parties) will face hardship and inequity if the action is not stayed. Given that ten (10) related putative class actions have been filed against Defendants raising substantially the same factual and legal theories, the JPML is likely to grant the Motion for Transfer and Centralization pending before it. *See, e.g.*, *In re: Toys "R" Us- Delaware, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 581 F. Supp. 2d 1377, 1377 (J.P.M.L. 2008) (ordering consolidation where only two similar actions were pending). And if the JPML were to grant that Motion, the MDL transferee judge would likely enter case management orders addressing (among other things) the appointment of Plaintiffs' leadership counsel; the deadline for a consolidated, superseding complaint; Defendants' deadline to respond to such complaint; and other procedural matters. *See, e.g.*, Ann. Manual Complex Lit. § 21.11 (4th ed.). Accordingly, it would be a waste of party time and resources for Defendants to have to prepare a motion or other response to the Complaint in this case—including a motion to compel arbitration—as it is likely that those efforts will be mooted upon consolidation and transfer by the JPML. Further, Defendants have secured consent to stay all Pending Actions for which an attendant complaint has been served (from 4 of the 10 other plaintiffs) and intend to seek consent from the remaining plaintiffs once service is effectuated. *See Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1276 (S.D. Fla. 2022) (stay was appropriate where defendant "agreed with the

7

plaintiffs in [the] other similar actions before the JPML to stay those actions pending the JPML's determination").

16. In sum, a stay will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all Parties.

WHEREFORE, the Parties jointly and respectfully request that the Court issue an order in this matter staying all proceedings and deadlines (except with respect to Plaintiffs' Joint Motion for Consolidation) pending the JPML's decision.

**SO ORDERED.**

Dated: April 19, 2024        s/ Jonathan J.C. Grey
       Hon. Jonathan J.C. Grey
       United States District Judge

**STIPULATED AND AGREED TO BY:**

By: /s/ *Stephanie A. Douglas*        Dated: April 18, 2024
Stephanie A. Douglas (P70272)
BUSH SEYFERTH PLLC
100 W. Big Beaver Rd., Ste. 400
Troy, MI 48084
(248) 822-7800
douglas@bsplaw.com

**KING & SPALDING LLP**
David L. Balser
Susan M. Clare
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

dbalser@kslaw.com
sclare@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC*
*Attorneys for Defendants General Motors LLC ("GM")*
*and OnStar, LLC*


*/s/ E. Powell Miller (with consent)*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com
dal@millerlawpc.com

Hassan Zavareei
Sabita J. Soneji
Cort Carlson
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808
Hzavareei@tzlegal.com
ssoneji@tzlegal.com
ccarlson@tzlegal.com

Jeff Ostrow
Steven Sukert
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com
sukert@kolawyers.com

Gary Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Frank Hedin
**HEDIN LLP**
1395 Brickell Ave., Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinllp.com

*Counsel for Plaintiffs and the Putative Classes*

10